Robert F. Schwartz, SBN 227327
rschwartz@truckerhuss.com
Virginia H. Perkins, SBN 215832
vperkins@truckerhuss.com
TRUCKER ✦ HUSS
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104
Telephone:    (415) 788-3111
Facsimile:    (415) 421-2017

Attorneys for Defendant,
The CCPOA Benefit Trust Fund

E-filing

ORIGINAL FILED

JUL - 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEN LEWIS,

    Plaintiff,

vs.

THE CCPOA BENEFIT TRUST FUND; and DOES 1 through 20, inclusive,

    Defendant.

Case No. CV 08 3228 VRW

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

(Superior Court of the State of California, County of San Francisco, Case No. CGC-08-475938)

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

Defendant the CCPOA Benefit Trust Fund (the "Plan") hereby removes the above-entitled action from the Superior Court of the State of California, County of San Francisco, in which it is now pending, to the United States District Court for the Northern District of California, San Francisco Division. The grounds for removal are set forth below.

**GROUNDS FOR REMOVAL**

1.   The Plan has been named in a civil action brought in the Superior Court of California for the County of San Francisco entitled <u>Ken Lewis v. the CCPOA Benefit Trust Fund; and Does 1 through 20, inclusive</u>, Case Number CGC-08-475938 (the "Action"). This Action was filed on June 3, 2008. The Plan received notice of the Complaint and Summons no earlier than

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT                                           1

#925231

1. June 3, 2008. A true and correct copy of the Complaint, Civil Cover Sheet, and Summons is attached as **Exhibit 1** and hereby incorporated into this Notice. **Exhibit 1** constitutes all process, pleadings, and orders received by the Plan in the Action.

2. This Notice of Removal is timely filed as required by 28 U.S.C. § 1446(b) because it is filed not more than one year after the commencement of the Action and is filed within 30 days after the earliest date on which service of the Summons and Complaint on any of the defendants could possibly have been completed. *See Murphy Brothers Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

3. This Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by the Trust pursuant to the provisions of 28 U.S.C. § 1441, because the Action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, in that:

   a. Plaintiff Ken Lewis' ("Plaintiff") Complaint asserts a total of two causes of action, both of which are brought under ERISA.

   b. Plaintiff's first cause of action is brought against all defendants and seeks "Recovery of Employee Benefits" pursuant to 29 U.S.C. § 1132(a)(1)(B), ERISA § 502(a)(1)(B). Plaintiff alleges that the defendants improperly terminated payment of monthly disability benefits under the Plan and seeks disability benefits retroactive to the termination of those benefits and a "declaration as to his entitlement to future benefits" under the Plan. (Complaint ¶¶ 19, 20).

   c. Plaintiff's second cause of action is brought against all defendants and seeks "Equitable Relief" pursuant to 29 U.S.C. § 1132(a)(3), ERISA § 502(a)(3). Plaintiff alleges that the defendants were fiduciaries of the Plan and breached their fiduciary duties with respect to the Plan. Plaintiff seeks a variety of injunctive relief enjoining the Defendants from interpreting the Plan in certain ways.

   d. The Plan is an "employee welfare benefit plan" under ERISA § 3(1), 29 U.S.C. § 1002(1). As such, the Plan is governed by ERISA. *See* ERISA §§ 3(3) & 4(a), 29

1  U.S.C. §§ 1002(3) & 1003(a). Plaintiff alleges that the Plan was an is an employee welfare benefit plan governed by ERISA. (Complaint ¶ 2)

   e.  Because the Complaint asserts a claim for benefits under ERISA § 502(a)(1)(B) and a claim for breach of fiduciary duty under ERISA § 502(a)(3), this Court has original jurisdiction over the Action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1) and the Action may be removed by the Plan to federal court. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987).

4.  The Plan has taken no action in the state court proceeding, and no further proceedings have been had in this matter in the state court.

5.  Promptly after filing this Notice of Removal, the Plan shall give written notice to Plaintiff of the filing of this Notice and shall, pursuant to 28 U.S.C. § 1446(d), file a copy of the notice to Plaintiff with the Clerk of Superior Court for the State of California, County of San Francisco.

6.  The Plan is represented by the undersigned attorneys who certify, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that the foregoing is true and correct.

DATED: July 3, 2008

TRUCKER ✦ HUSS

By: _____
Virginia H. Perkins
Attorneys for Defendant The CCPOA Benefit Trust Fund

Trucker ✦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT    3

#925231

# EXHIBIT 1

# EXHIBIT 1

# EXHIBIT 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE CCPOA BENEFIT TRUST FUND and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KEN LEWIS

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER: CGC-08-475938

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Terrence J. Coleman (SBN 172183)
Pillsbury & Levinson, LLP, 600 Montgomery St., 31st Fl., San Francisco, CA 94111   415-433-8000

DATE: JUN 0 3 2008       Gordon Park-Li, Clerk, by  D. STEPPE, Deputy
*(Fecha)*                *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 455
American LegalNet, Inc. | www.USCourtForms.com

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address):*
Terrence J. Coleman (State Bar No. 172183)
Pillsbury & Levinson, LLP
600 Montgomery Street, 31st Floor, San Francisco, CA 94111
TELEPHONE NO.: 415-433-8000    FAX NO.: 415-433-4816
ATTORNEY FOR *(Name)*: KEN LEWIS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94111
BRANCH NAME:

CASE NAME: Ken Lewis v. The CCPOA Benefit Trust Fund, et al.

**FOR COURT USE ONLY**

**FILED**
San Francisco County Superior Court
JUN 03 2008
GORDON PARK-LI, Clerk
BY: Deborah Steppe
DEBORAH STEPPE, Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited    [ ] Limited<br>(Amount demanded exceeds $25,000)    (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | CGC-08-475930<br>JUDGE:<br>DEPT.: |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[✓] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
*(Cal. Rules of Court, rules 1800–1812)*
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial post-judgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. [✓] monetary    b. [✓] nonmonetary; declaratory or injunctive relief    c. [ ] punitive

4. Number of causes of action *(specify):* Two

5. This case [ ] is [✓] is not a class action suit.

Date: June 3, 2008

BRIAN H. KIM
(TYPE OR PRINT NAME)                                    ▶ /s/ Brian H. Kim
                                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.USCourtForms.com

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must check all five items on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil harassment)*(08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential.)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rule 1800–1812)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Toxic Tort/Environmental (30)
 Insurance Coverage Claims
  *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Tax
  Other Enforcement of Judgment
   Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
   Claim
  Other Civil Petition

```
1  Terrence J. Coleman    (State Bar No. 172183)
   Brian H. Kim (State Bar No. 215492)
2  PILLSBURY & LEVINSON, LLP
   The Transamerica Pyramid
3  600 Montgomery Street, 31st Floor
   San Francisco, California 94111
4  Telephone: (415) 433-8000
   Facsimile: (415) 433-4816
5  E-mail: tcoleman@pillsburylevinson.com, bkim@pillsburylevinson.com
6
   Attorneys for Plaintiff,
7  KEN LEWIS
```

SUMMONS ISSUED
FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

2008 JUN -3 AM 8:55

GORDON PARK-LI, CLERK

BY: D. STEPPE
    DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

KEN LEWIS,

    Plaintiff,

v.

THE CCPOA BENEFIT TRUST FUND;
and DOES 1 through 20, inclusive,

    Defendants.

Case No. CGC-08-475938

COMPLAINT FOR RECOVERY OF EMPLOYEE BENEFITS AND EQUITABLE RELIEF

JURY TRIAL DEMANDED

Plaintiff alleges on information and belief as follows:

## GENERAL ALLEGATIONS

1. Plaintiff KEN LEWIS is an individual currently residing in Sacramento, California, who at all relevant times was residing in the State of California.

2. Defendant THE CCPOA BENEFIT TRUST FUND ("the Plan") is a long-term disability plan that was offered by the California Correctional Peace

1

COMPLAINT                                        Case No. ____

1 Offers Association ("CCPOA"), of which Plaintiff was a union member. The Plan was and is an employee welfare benefit plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"). The Plan serves as its own plan administrator and claims fiduciary.

3. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these Defendants by said fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when they have been ascertained.

4. At all relevant times, Plaintiff was a member of CCPOA and as such was enrolled in the Plan, which included a Disability Protection Program.

5. At all material times hereto, Plaintiff was insured under the Plan's Disability Protection Program. Under the Plan's Disability Protection Program and California law governing the definition of total disability, the Plan promised, in relevant part, to pay monthly benefits for two years in the event that he became unable to perform with reasonable continuity in the usual and customary manner the material and substantial duties of his own profession. After two years, the Plan promised to pay monthly benefits in the event that he became unable to perform with reasonable continuity in the usual and customary manner the material and substantial duties of any gainful occupation for which he was reasonably fitted by reason of his training, education, experience and station in life.

6. At all material times herein, Plaintiff complied with all the material provisions pertaining to the Plan and/or compliance was waived by Defendants. While the Plan was in full force and effect, Plaintiff became disabled and entitled to benefits under the terms of the Plan as a result of, *inter alia*, failed fusion surgery at C5-6 and disc protrusions at C3-4 and C4-5 contacting the anterior aspect of his spinal cord, resulting from a March 2002 motor vehicle accident.

1 | Plaintiff has been, remains, and will be unable to perform the substantial and
2 | material duties of his occupation or any occupation.

3 |    7.   Shortly after becoming disabled in 2002, Plaintiff timely applied for
4 | disability benefits under the Plan.

5 |    8.   After submitting his claim for benefits, the Plan paid monthly
6 | disability benefits for an extended period of time. Without conducting any
7 | reasonable or thorough investigation and without any evidence or information
8 | that Plaintiff's conditions had improved to allow a return to gainful employment,
9 | the Plan wrongfully terminated benefits in or about July 9, 2007.

10 |    9.   Thereafter, Plaintiff timely appealed the Plan's termination of
11 | benefits and provided additional evidence in support of his physical impairments
12 | and continuing and permanent disability.

13 |    10.   In a letter dated August 10, 2007, the Plan purported to deny
14 | Plaintiff's appeal and maintained its denial of benefits.

15 |    11.   As a direct and proximate result of the aforementioned acts of
16 | Defendants, and each of them, Plaintiff suffered damages as outlined below.

17 |    12.   As the result of the actions of Defendants, and each of them,
18 | Plaintiff has been improperly denied disability benefits together with interest
19 | thereon and has suffered further and severe economic hardship and emotional
20 | distress.

21 |    13.   As a further result of the actions of Defendants, and each of them,
22 | Plaintiff has been forced to engage the services of legal counsel for the purpose
23 | of obtaining his insurance benefits.

**FIRST CAUSE OF ACTION**
**Recovery Of Employee Benefits**
(Against all Defendants; 29 U.S.C. § 1132(a)(1)(B))

   14.   Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 13 of this Complaint as though fully set forth herein.

15. At all relevant times, Plaintiff was insured under the Plan and Defendants were responsible for the administration and handling of Plaintiff's benefits.

16. At all material times herein, Plaintiff has complied with all the material provisions pertaining to the Plan, and/or compliance has been waived or Defendants are estopped from asserting non-compliance.

17. While the Plan was in full force and effect, Plaintiff became and remains totally disabled and entitled to receive benefits under the Plan.

18. The Plan, however, terminated Plaintiff's claim for benefits and has refused and continues to refuse to make monthly disability payments to Plaintiff. Plaintiff appealed the Plan's termination of benefits and exhausted his administrative remedies.

19. Defendants' refusal to pay Plaintiff benefits violates the terms of the Plan, and Defendants' actions in administering Plaintiff's claim and in denying benefits were arbitrary and capricious. At all material times herein, Defendants, and each of them, failed and refused to honor the Plan. Defendants are liable for all benefits due under the Plan, which have been improperly withheld from Plaintiff. Plaintiff's physical conditions are permanent. Accordingly, Plaintiff is and will continue to be entitled to monthly disability benefits through the applicable maximum benefit period of the Plan.

20. As a proximate result of Defendants' actions, Plaintiff has been deprived of his disability benefits to which he was and is entitled and has suffered damage as set forth in Paragraphs 11-13 above. Plaintiff further seeks a declaration as to his entitlement to future benefits, to wit: an injunction prohibiting Defendants from terminating his benefits until the end of the maximum benefit period or such other declaration the Court deems proper.

## SECOND CAUSE OF ACTION
### Equitable Relief
(Against All Defendants; 29 U.S.C. §1132(a)(3))

21. Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22. At all material times herein, Defendants, and each of them, were fiduciaries with respect to their exercise of authority over the management of the Plan, disposition of Plan assets, and administration of the Plan.

23. Plaintiff asserts a breach of fiduciary duty against the Plan as an individual Plan participant and on behalf of all other the participants and beneficiaries of the Plan.

24. Plaintiff asserts that a claim for benefits due under the Plan does not provide him with an adequate remedy at law in light of the Plan's continuing course of conduct in violating the terms of the Plan and applicable law as described below.

25. Defendants, and each of them, were obliged to discharge their duties solely in the interests of beneficiaries and participants for the exclusive purpose of providing beneficiaries and participants benefits, defraying reasonable expenses of the Plan, using all prudent skill and diligence in accordance with the documents and instruments governing the Plan.

26. At all material times herein, Defendants, and each of them, violated these duties by, *inter alia*, the following:

   A. Consciously and unreasonably and intentionally and without justification denying Plaintiff's claim for disability benefits, and related claims and/or similar claims, despite knowledge that Plaintiff and similarly situated claims are and remain totally disabled under the terms and conditions of the Plan and under the definition of total disability as defined

by California law;

B. Consciously and unreasonably delaying the decision concerning Plaintiff's claim, and related claims and/or similar claims, for disability benefits;

C. Consciously and unreasonably failing to investigate all bases upon which to pay and honor Plaintiff's claim, and related claims and/or similar claims, for benefits and consciously and unreasonably failing to investigate all bases to support coverage, fairly and in good faith and refusing to give Plaintiff's interests or the interests of the Plan at least as much consideration as they gave their own;

D. Consciously and unreasonably asserting improper bases for denying Plaintiff's claim, and related claims and/or similar claims, for disability benefits;

E. Consciously and unreasonably delaying, refusing, and continuing to refuse to pay Plaintiff benefits, and related claims and/or similar claims for benefits, properly payable under the Plan and to deprive Plaintiff of his rightful benefits with the knowledge that said delays and denials were and are wrongful and contrary to their obligations under the Plan and the law, including intentionally failing to apply the correct definition of disability under California law to all of the Plan participants to whom that definition applies;

F. Consciously and unreasonably failing to adopt and implement reasonable or proper standards applicable to the prompt and fair investigation, processing and adjudication of Plaintiff's claim, and related claims and/or similar claims,

under the Plan;

G. Consciously and unreasonably interpreting the Plan in a manner designed to deny benefits and in a manner which thwarts the reasonable expectations of the Plan's beneficiaries and participants in order to maximize its owns profits and minimize the benefits it pays claimants;

H. Consciously and unreasonably refusing to pay Plaintiff's claim, and related claims and/or similar claims, with the knowledge that Plaintiff's claim and similar claims are payable and with the intent of boosting profits at Plaintiff's and other claimants' expense; and

I. Consciously and unreasonably failing to follow the terms of the Plan and applicable regulations governing the administration of claims, the review of denied claims, and required production of relevant documents.

27. Plaintiff further alleges that Defendants, and each of them, have breached their fiduciary duties by misapplying, misinterpreting and/or ignoring relevant provisions of the Plan by, and hereby requests a judgment permanently enjoining Defendants from interpreting the Plan in the following ways:

A. From denying benefits based upon an interpretation of "total disability" different from that required under applicable law and the Plan, including the requirement that a claimant be unable to work with reasonable continuity in the usual and customary way; and

B. From obtaining input from biased medical consultants with a conflict of interest with Defendants who are not appropriately trained and experienced in the conditions that

|    |     |                                                                                      |
|----|-----|--------------------------------------------------------------------------------------|
| 1  |     | are the subject of the claim;                                                        |
| 2  | 28. | Plaintiff further requests judgment permanently enjoining Defendants from ever again serving as a fiduciary with respect to the Plan, together with attorneys' fees and costs. |
| 5  | 29. | In addition, Plaintiff seeks appropriate equitable relief from the Defendants, and each of them, and seeks an order by this Court that his total disability benefits be reinstated, that Defendants be enjoined from terminating benefits for the duration of the applicable maximum benefit period under the Plan, and that he be placed in the position he would have been in had he been paid the benefits to which he is entitled, including, without limitation, interest, attorneys fees and other losses resulting from Defendants' breach. |

WHEREFORE, Plaintiff prays as follows:

1. For a determination that Plaintiff is entitled to receive benefits under the Plan and an injunction mandating the payment of benefits to Plaintiff for the maximum benefit period under the Plan;
2. For damages according to proof;
3. For general damages according to proof;
4. For attorneys' fees and costs of suit incurred herein;
5. For interest;
6. For equitable and injunctive relief as set forth above; and
7. For such other and further relief as the Court may find appropriate.

JURY TRIAL IS HEREBY DEMANDED

DATED: June 3, 2008                       PILLSBURY & LEVINSON, LLP

                                          By: /s/ Brian H. Kim
                                          Brian H. Kim, Esq.
                                          Attorneys for Plaintiff,
                                          KEN LEWIS

COMPLAINT                                 8                                    Case No. _____

CASE NUMBER: CGC-08-475938  KEN LEWIS VS. THE CCPOA BENEFIT TRUST FUND et al

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

    **DATE:**    OCT-31-2008

    **TIME:**    9:00AM

    **PLACE:**    Department 212
                    400 McAllister Street
                    San Francisco, CA  94102-3680

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.
>
> However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

**See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges**