Robert F. Schwartz, SBN 227327
rschwartz@truckerhuss.com
Virginia H. Perkins, SBN 215832
vperkins@truckerhuss.com
TRUCKER ✦ HUSS
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104
Telephone: (415) 788-3111
Facsimile: (415) 421-2017

Attorneys for Defendant,
The CCPOA Benefit Trust Fund

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEN LEWIS,<br><br>        Plaintiff,<br><br>vs.<br><br>THE CCPOA BENEFIT TRUST FUND; and DOES 1 through 20, inclusive,<br><br>        Defendant. | Case No. CV 08-03228 VRW<br><br>**DEFENDANT CCPOA BENEFIT TRUST FUND'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND CAUSE OF ACTION OF PLAINTIFF'S COMPLAINT, TO DISMISS DOE DEFENDANTS AND TO STRIKE JURY TRIAL DEMAND**<br><br>Date: September 11, 2008<br>Time: 2:30 p.m.<br>Location: Courtroom 6, 17th Floor<br>Judge: Chief Judge Vaughn R. Walker |

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................... 1

II. LEGAL STANDARD FOR DISMISSAL OF THE COMPLAINT ....................................... 1

III. STATEMENT OF RELEVANT FACTS ................................................................................ 2

IV. ARGUMENT ........................................................................................................................... 3

   A. Plaintiff's Request For "Equitable Relief" Under ERISA § 502(a)(3) Must Be Dismissed Because ERISA § 502(a)(1)(B) Provides "Adequate Relief" For Plaintiff's Alleged Injury ................................................................................................................................ 3

   B. Plaintiff's Claim for Equitable Relief Must Be Dismissed Because It Seeks Relief That is Not Available as a Matter of Law ................................................................................... 10

      i. Plaintiff's Requests For Injunctive Relief Are Unsupported by The Facts Alleged ........ 10

      ii. The Injunctive Relief that Plaintiff Seeks Would Not Satisfy Minimum Requirements of FRCP 65(d) ..................................................................................................................... 12

      iii. Plaintiff's Request for Injunctive Relief Removing Defendants as Fiduciaries is Nonsensical ....................................................................................................................... 13

      iv. Plaintiff's Claims for "Equitable Relief" Based on Violation of California Law Must be Dismissed Because Those Claims are Preempted by ERISA ............................................. 13

   C. Plaintiff's § 502(a)(3) Claims Must be Dismissed In Their Entirety Because the Plan is Not a Fiduciary ..................................................................................................................... 14

   D. Plaintiff's Claims Against Does 1 through 20 Should Be Dismissed Because They Are Improper Defendants ....................................................................................................... 15

   E. Plaintiff's Jury Demand Should be Stricken on the Grounds that ERISA Benefit Claims are Not Heard by a Jury .......................................................................................................... 15

V. CONCLUSION ...................................................................................................................... 16

Trucker ♦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

**Cases**

*Bell Atlantic v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1965 (2007) ............................................. 1, 14

*Blau v. Del Monte*, 748 F.2d 1348, 1357 (9th Cir. 1984), cert. denied, 474 U.S. 865 (1985) .......... 19

*Bowles v. Reade*, 198 F. 3d 752, 759-60 (9th Cir. 1999) ........................................................ 5

*Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999) ........................................ 15

*Caplan v. CNA Financial Corporation*, 544 F. Supp. 2d 984, 994 (N.D. Cal. 2008) ("*Caplan II*") ........................................................................................................... 7, 8, 12

*Caplan v. CNA Short Term Disability Plan*, 479 F. Supp. 2d 1108 (N.D. Cal. 2007) ("*Caplan I*") ........................................................................................................... 7, 12

*Craig v. United States*, 413 F.2d 854, 856 (9th Cir. 1969) ........................................................ 19

*Ford v. MCI Communications Corp. Health and Welfare Plan*, 399 F.3d 1076, 1082 (9th Cir. 2005) ........................................................................................................... 5, 7, 10

*Forsyth v. Humana, Inc.*, 114 F. 3d 1467, 1474 (9th Cir. 1997) .............................................. 4, 7, 10

*Garvey v. Piper Rudnick LLP Long Term Disability Insurance Plan*, Civil Action #07-886, 2008 WL 410088 at *7-8 (Feb. 12, 2008 D. Ore.) ........................................................... 10

*Gibson v. The Prudential Insurance Company of America*, 915 F.2d 414, 417 n.3 (9th Cir. 1990). 17

*Granny Goose Foods, Inc. v. Bhd. Of Teamsters*, 415 U.S. 423, 444, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974) ........................................................................................................... 14

*Housing Rights Center v. Donald Sterling Corp.*, 274 f. Supp.2d 1129, 1136 (C.D. Cal. 2003) .... 13

*In Re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 983 (9th Cir. 1999) ................................. 2

*In Re Stac Electronics Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) ....................................... 2

*In re VeriFone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993) ........................................................ 2

*Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142 (1990) ..................................................... 17

*Johnson v. Buckley*, 356 F. 3d 1067, 1077 (9th Cir. 2004) ............................................................ 5

*Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 f.2d 970, 974 (9th Cir. 1991) ............................ 13

*Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134. 148 (1985) ......................... 7

*Matthews v. Chevron Corp.*, 362 F.3d 1172, 1178 (9th Cir. 2004) ............................................... 18

*Mertens v. Hewitt Assocs.*, 508 U.S. 248 (1993) ........................................................................ 7

*Mote v. F.B.I.*, Civ. Action No. 07-1191, 2007 WL 4592080 at *3 (C.D. Ill. Dec. 28, 2007) ........ 15

*New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 657-58 (1995) ........................................................................................................... 17

*Papasan v. Allain*, 478 U.S. 265 (1986) .................................................................................... 14

*Pengilly v. The Guardian Life Insurance Company of America,* 81 F.Supp.2d 1010, 1026 (N.D. Cal. 2000) ............................................................................................................... 5, 6, 7, 12

*Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987) ............................................................... 16

*Providence v. Valley Clerks Trust Fund*, 509 F. Supp. 388, 392 (E.D. Cal. 1981) ...................... 18

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F. 2d 530, 534 (9th Cir. 1984) .............................. 2

*Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) ............................................................................ 15

*Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85 (1983) ...................................................................... 16

*Spinelli v. Gaughan*, 12 F.3d 853, 858 (9th Cir. 1993) ............................................................... 19

*Thomas v. Oregon Fruit Prods. Co.*, 228 F.3d 991, 996-97 (9th Cir. 2000) ................................ 19

*Union Pac. R.R. v. Mower*, 219 F.3d 1069, 1077 (9th Cir. 2000) ............................................... 14

*Varity Corp. v. Howe,* 516 U.S. 489 (1996) .......................................................................... passim

*Wald v. Southwestern Bell Corp. Customcare Med. Plan*, 83 F.3d 1002, 1006 (8th Cir. 1996) ......... 5

*Wooten v. Prudential Ins. Co. of America*, Civ. Action No. 03-02558, 2006 WL 2192061 (N.D. Cal. July 31, 2006) ................................................................................................................. 13

*Wright v. Pacific Gas & Electric Co.,* No. C-95-1072 PJH, 1997 WL 257513 (N.D. Cal. May 6, 1997) ........................................................................................................................................ 4

**Statutes**

29 U.S.C. § 1132 .................................................................................................................... passim

ERISA § 502 ............................................................................................................................ passim

**Rules of Court**

Federal Rule of Civil Procedure 12(b)(6) ........................................................................... 1, 11, 15

Federal Rule of Civil Procedure 65(d) .................................................................................. 12, 13

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff Ken Lewis' claim for equitable relief, brought under ERISA § 502(a)(3) must be dismissed in its entirety. Lewis is an individual participant in the CCPOA Benefit Trust Fund (the "Plan") and through this lawsuit he seeks disability benefits under ERISA § 502(a)(1)(B) as well as a variety of "equitable relief" under ERISA § 502(a)(3). Plaintiff's claim under § 502(a)(3) is subject to dismissal because "adequate relief" is provided by ERISA § 502(a)(1)(B). Moreover, the "equitable relief" plaintiff seeks pursuant to section 502(a)(3) is unavailable as a matter of law. Finally, Plaintiff's § 502(a)(3) claim, which is based on alleged breaches of fiduciary duty, must be dismissed for the additional reason that the Plan is the sole named defendant in this lawsuit, and the Plan is not a fiduciary of itself. Naming "Doe" defendants is not proper in the Ninth Circuit and those defendants must also be dismissed from the lawsuit. Plaintiff is not entitled to a jury trial in this ERISA action, and therefore his demand for a jury must be stricken.

## II.  LEGAL STANDARD FOR DISMISSAL OF THE COMPLAINT

Under Federal Rule of Civil Procedure 12(b)(6), dismissal of the Complaint is required for failure to state a claim upon which relief can be granted. In order to withstand a motion to dismiss, the factual allegations of the Complaint must be sufficient to raise a right to relief above the speculative level. *See Bell Atlantic v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1965 (2007) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S.Ct. at 1965.

A complaint may be dismissed for two reasons: "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F. 2d 530, 534 (9th Cir. 1984). For purposes of testing the legal sufficiency of the Complaint, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See In Re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 983 (9th Cir. 1999). However, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to

1  dismiss for failure to state a claim." *See In Re Stac Electronics Sec. Litig.*, 89 F.3d 1399, 1403 (9th
2  Cir. 1996) (quoting *In re VeriFone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993)).

3  **III.    STATEMENT OF RELEVANT FACTS**

4      Plaintiff's Complaint was originally filed in the Superior Court of the State of California for
5  the County of San Francisco, on June 3, 2008. On July 3, 2008, the Plan removed Plaintiff's
6  lawsuit to this Court on the ground that this Court has original jurisdiction of claims brought under
7  ERISA.

8      Plaintiff's lawsuit is, fundamentally, a claim for additional benefits under the Plan's
9  Disability Protection Program. According to Plaintiff's Complaint, he became disabled as a result
10 of injuries sustained in a March 2002 car accident, and he "has been, remains, and will be unable to
11 perform the substantial and material duties of his occupation or any occupation." (Complaint ¶6).
12 Plaintiff alleges that the Plan wrongfully terminated payment of his disability benefits on or about
13 July 9, 2007 after paying benefits for an extended period of time. (Complaint ¶8). Plaintiff further
14 alleges that in terminating his benefits, the Plan did not conduct a "reasonable or thorough
15 investigation" and had no "evidence or information that Plaintiff's condition had improved to allow
16 a return to gainful employment." (Complaint ¶8).

17     Plaintiff asserts two claims based on these allegations of fact. Plaintiff's First Cause of
18 Action is for "Recovery of Employee Benefits," pursuant to ERISA § 502(a)(1)(B). Plaintiff
19 alleges that the Plan's denial of benefits "violates the terms of the Plan" and was "arbitrary and
20 capricious." (Complaint ¶19). Plaintiff seeks disability benefits retroactively and a declaration as
21 to his entitlement to future benefits "to wit: an injunction prohibiting Defendants from terminating
22 his benefits until the end of the maximum benefit period or such other declaration the Court deems
23 proper." (Complaint ¶20).

24     Plaintiff's Second Cause of Action stems from the same allegations of fact as his claim for
25 benefits, but is articulated as a claim for "Equitable Relief" under ERISA § 502(a)(3). All of
26 Plaintiff's allegations of fiduciary breach, purportedly entitling Plaintiff to such relief, are
27 contained in Paragraph 26 of his Complaint, which contains nine subparts, each of which describe
28 some "unreasonable" action or position taken by the Plan during the processing of Plaintiff's claim

Memorandum of Points and Authorities in Support of Motion to Dismiss Second Cause of Action of     2
Plaintiff's Complaint, to Dismiss Doe Defendants and to Strike Jury Demand; Case CV08-3228 VRW
#929201

Trucker ♦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

for disability benefits, as well as with respect to hypothetical "related claims and/or similar claims" of other, unidentified participants. Based on these allegations of claims mishandling, Lewis seeks in Paragraph 27 of the Complaint "equitable relief," including:

- a permanent injunction prohibiting the Defendants from interpreting the term "total disability" in a way that is "different from that required under applicable law and the Plan, including the requirement that a claimant be unable to work with reasonable continuity in the usual and customary way;" and

- a permanent injunction prohibiting the Plan "from obtaining input from biased medical consultants with a conflict of interest . . . who are not appropriately trained and experienced in the conditions that are the subject of the claim;"

Plaintiff also seeks a permanent injunction prohibiting Defendants "from ever again serving as a fiduciary with respect to the Plan, together with attorney's fees and costs"; an order reinstating Plaintiff's disability benefits and prohibiting the Defendants from discontinuing those benefits in the future; and an order placing Plaintiff "in the position he would have been in had he been paid the benefits to which he is entitled, including, without limitation, interest, attorneys fees and other losses resulting from Defendants' breach." (Complaint ¶¶ 28, 29).

## IV. ARGUMENT

### A. Plaintiff's Request For "Equitable Relief" Under ERISA § 502(a)(3) Must Be Dismissed Because ERISA § 502(a)(1)(B) Provides "Adequate Relief" For Plaintiff's Alleged Injury

Plaintiff purports to bring claims under ERISA §§ 502(a)(1) and 502(a)(3), but he cannot maintain an action for "appropriate equitable relief" under ERISA § 502(a)(3), because ERISA § 502(a)(1) provides him with adequate relief. By its terms, § 502(a)(3) provides that a participant of an ERISA plan can bring a civil action "to obtain other appropriate equitable relief." 29 U.S.C. § 1132(a)(3). ERISA § 502(a)(3) is a "catchall" provision that provides relief only for injuries that are not otherwise adequately provided for in ERISA. *See Forsyth v. Humana, Inc.,* 114 F. 3d 1467,

1474 (9th Cir. 1997), *aff'd on other grounds,* 525 U.S. 299 (1999) (holding that under *Varity Corp. v. Howe,* 516 U.S. 489 (1996), plaintiffs' claim for equitable relief was not appropriate because section 502(a)(1) provided adequate remedy); *Wright v. Pacific Gas & Electric Co.,* No. C-95-1072 PJH, 1997 WL 257513 (N.D. Cal. May 6, 1997) (claims under ERISA § 502(a)(3) can only be brought where plaintiff cannot assert a direct claim for benefits due under the plan). Where relief under another provision of ERISA is available, "appropriate" relief does not exist under ERISA § 502(a)(3). The Supreme Court emphasized this in *Varity*:

> We should expect that courts, in fashioning 'appropriate' equitable relief, will keep in mind the 'special nature and purpose of employee benefit plans,' and will respect the 'policy choices reflected in the inclusion of certain remedies and the exclusion of others.' Thus we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'

516 U.S. at 515 (internal citations omitted). When relief is available to a plaintiff under ERISA § 502(a)(1), as it is here, claims asserted under ERISA § 502(a)(3) should be dismissed. *See, Johnson v. Buckley*, 356 F. 3d 1067, 1077 (9th Cir. 2004) ("when relief is available under section 1132(a)(1), courts will not allow relief under § 1132(a)(3)'s 'catch-all provision.'") (citing *Varity*, 516 U.S. at 515 and *Bowles v. Reade*, 198 F. 3d 752, 759-60 (9th Cir. 1999)); *see also Ford v. MCI Communications Corp. Health and Welfare Plan,* 399 F.3d 1076, 1082 (9th Cir. 2005) ("Because Ford asserted specific claims under 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(2), she cannot obtain relief under 29 U.S.C. § 1132(a)(3), ERISA's "catchall" provision."); *Wald v. Southwestern Bell Corp. Customcare Med. Plan*, 83 F.3d 1002, 1006 (8th Cir. 1996) (holding that the plaintiff did not have a cause of action under 502(a)(3) where she also asserted a claim for benefits under 502(a)(1)(B)); *Pengilly v. The Guardian Life Insurance Company of America,* 81 F.Supp.2d 1010, 1026 (N.D. Cal. 2000) (since nothing barred the plaintiff from proceeding under 502(a)(1), he was not entitled to the "safety net of (a)(3)").[1]

---

[1] An award of benefits is not a prerequisite to a finding that ERISA § 502(a)(1)(B) provides adequate relief. *See Wald,* 83 F.3d at 1006-08 (holding that plaintiff was foreclosed from bringing a 502(a)(3) claim because 502(a)(1)(B) provided adequate relief while simultaneously affirming the denial of benefits); *Pengilly,* 81 F.Supp.2d at 1022-26 (granting defendant summary judgment

ERISA § 502(a)(1)(B) provides that "[a] civil action may be brought – (1) by a participant or beneficiary –… (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  Plaintiff's claim for benefits under § 502(a)(1)(B) seeks a reinstatement of benefits as well as a clarification of his future rights under the Plan – relief that is available under that provision, if Plaintiff can prove his case. (Complaint ¶20).  Thus, under the reasoning of the cases cited above, Plaintiff may not pursue additional equitable relief under § 502(a)(3) for his alleged "injury" (i.e., his loss of benefits), as such relief would not be "appropriate."

Nevertheless, that is precisely what Plaintiff's Second Cause of Action seeks – redress, in one form or another, for the Plan's decision to terminate disability benefit payments, the very same injury at the heart of his claim for benefits under § 502(a)(1)(B).  After reciting his litany of misdeeds the Plan allegedly committed in handling his claim for benefits in Paragraph 26 of the Complaint and seeking an injunction prohibiting the Plan from similarly mishandling claims in the future (see Complaint ¶ 27), Plaintiff then requests:

> [A]n order by this Court that his total disability benefits be reinstated, that Defendants be enjoined from terminating benefits for the duration of the applicable maximum benefit period under the Plan, and that he be placed in the position he would have been in had he been paid the benefits to which he is entitled, including, without limitation…other losses resulting from Defendants' breach.

(Complaint ¶ 29).[2]  Thus, Plaintiff seeks to obtain benefits and to enforce and/or clarify his rights under the terms of the Plan -- the same relief for the very same injury that he alleges in his First Cause of Action, and such relief is therefore not "appropriate equitable relief."  *See*, *e.g., Forsyth,*

---

on plaintiff's claim for benefits while finding that "adequate relief" was provided by that section so as to make a claim under 502(a)(3) improper).

[2]  Not only is this relief provided by ERISA § 502(a)(1)(B), it also is not "equitable" relief provided by ERISA § 502(a)(3). Money damages, in the form of benefits, is traditional legal relief. *Mertens v. Hewitt Assocs.*, 508 U.S. 248 (1993) (monetary damages are not recoverable under ERISA § 502(a)(3) as equitable relief). Plaintiff's request for an order placing him "in the position he would have been in had he been paid the benefits to which he is entitled" including "other losses resulting from Defendants' breach" is a request for extra-contractual damages, which is not provided by ERISA § 502(a)(3). *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134. 148 (1985) ("appropriate equitable relief" does not include a participant's request for extra-contractual or punitive damages).

Trucker ♦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

114 F.3d at 1475 (holding that the relief plaintiffs sought for the defendant's breach of fiduciary duty was the same relief already provided by ERISA section 502(a)(1)(B) and therefore equitable relief was not appropriate); *Pengilly,* 81 F. Supp.2d at 1025-26.[3]

The allegations of fact underlying Plaintiff's claim for equitable relief make clear that Plaintiff's claim under section 502(a)(3) is nothing more than a claim that the Defendants mishandled his claim for benefits under the Plan. Paragraph 26 of Plaintiff's Complaint contains nine subparts, each of which asserts facts intended to support Plaintiff's allegations of fiduciary breach. Subparts A through I of Paragraph 26 of Plaintiff's Complaint contain the following allegations:

- That Defendants "[c]onsciously and unreasonably and intentionally and without justification **den[ied] Plaintiff's claim for disability benefits**…despite knowledge that Plaintiff and similarly situated claims are and remain totally disabled under the terms and conditions of the Plan and under the definition of total disability as defined by California law." (Complaint ¶26A).

---

[3] One court has taken a narrow view of the rule set forth in *Varity*, *Forsyth* and *Ford v. MCI*, and, at least at first pass, allowed the plaintiff to proceed with claims under 502(a)(3) and under 502(a)(1)(B). *See Caplan v. CNA Short Term Disability Plan*, 479 F. Supp. 2d 1108 (N.D. Cal. 2007) ("*Caplan I*"). In *Caplan I*, the court held that, while much of the relief the plaintiff sought under ERISA § 502(a)(3) was "duplicative" of the relief available under ERISA § 502(a)(1)(B) and should be dismissed, some of the relief sought "may be different than the relief available under section 1132(a)(1)(B)," and on the facts alleged, allowed a part of the claim to proceed. *Id.* at 1112-13. A year later, however, the court revisited Caplan's claims and dismissed his claim for breach of fiduciary duty in its entirety on the ground that ERISA § 502(a)(1)(B) "provides Plaintiff with an adequate remedy." *Caplan v. CNA Financial Corporation*, 544 F. Supp. 2d 984, 994 (N.D. Cal. 2008) ("*Caplan II*"). The court also denied the injunctive relief sought on the ground that plaintiff had failed to cite any case "in which a court has granted such far-reaching injunctive relief under circumstances similar to those here." *Id.*

The Plan respectfully submits that *Caplan I* is at odds with *Varity*, *Forsyth* and *Ford v. MCI*, as the court itself appears to have recognized in *Caplan II*. Otherwise, virtually every lawsuit for benefits under § 502(a)(1)(B) could easily be converted to a claim for equitable relief under § 502(a)(3), with the addition of a few conclusory allegations of fiduciary breach and a request for injunctive relief. Such a result would clearly be at odds with the Supreme Court's directive in *Varity*, that, where Congress already provided adequate relief for a participant's alleged injury, further equitable relief "normally would not be 'appropriate.'" *Varity*, 516 U.S. at 515.

- That Defendants, "[c]onsciously and unreasonably **delay[ed] the decision concerning Plaintiff's claim** and related claims and/or similar claims for disability benefits." (Complaint ¶26B).

- That Defendants "[c]onsciously and unreasonably **fail[ed] to investigate all bases upon which to pay and honor Plaintiff's claim**, and related claims and/or similar claims, for benefits and consciously and unreasonably fail[ed] to investigate all bases to support coverage, fairly and in good faith and refuse[d] to give Plaintiff's interests or the interests of the Plan at least as much consideration as they gave their own." (Complaint ¶26C).

- That Defendants "consciously and unreasonably **assert[ed] improper bases for denying Plaintiff's claim**, and related claims and/or similar claims, for disability benefits." (Complaint ¶26D).

- That Defendants "consciously and unreasonably **delay[ed], refus[ed], and continu[e] to refuse to pay Plaintiff benefits**, and related claims and/or similar claims for benefits, properly payable under the Plan and **to deprive Plaintiff of his rightful benefits** with the knowledge that said delays and denials were an are wrongful and contrary to their obligations under the Plan and the law, including intentionally **failing to apply the correct definition of disability under California law** to all of the Plan participants to whom that definition applies." (Complaint ¶26E)

- That Defendants "[c]onsciously and unreasonably **fail[ed] to adopt and implement reasonable or proper standards applicable to the prompt and fair investigation, processing and adjudication of Plaintiff's claim**, and related claims and/or similar claims, under the Plan." (Complaint ¶26F).

- That Defendants "[c]onsciously and unreasonably **interpret[ed] the Plan in a manner designed to deny benefits and in a manner which thwart the reasonable expectations of the Plan's beneficiaries** and participants in order to

       maximize its own profits and minimize the benefits it pays claimants." (Complaint ¶26G).

- That the Defendants "[c]onsciously and unreasonably **refus[ed] to pay Plaintiff's claim**, and related claims and/or similar claims, with the knowledge that Plaintiff's claim and similar claims are payable and with the intent of boosting profits at Plaintiff's and other claimants' expense." (Complaint ¶26H).

- That Defendants "[c]onsciously and unreasonably **fail[ed] to follow the terms of the Plan** and applicable regulations governing the administration of claims, the review of denied claims, and required production of relevant documents." (Complaint ¶26I).

Plaintiff's allegations regarding a supposed "fiduciary breach" add nothing to his basic claim that the Plan wrongfully denied him benefits. Plaintiff asserts various "unreasonable" errors and decisions made and actions taken during administration of his claim. However, recasting a claim for benefits as a claim for equitable relief is not sufficient to avoid dismissal of his section 502(a)(3) claim. *See*, *e.g., Garvey v. Piper Rudnick LLP Long Term Disability Insurance Plan*, Civil Action #07-886, 2008 WL 410088 at *7-8 (Feb. 12, 2008 D. Ore.) (holding that since all of plaintiff's claims for breach of fiduciary duty related to his entitlement to benefits they were foreclosed by his ability to bring a claim under ERISA § 502 (a)(1)(B)).

The plaintiff in *Garvey* was a partner in the law firm of Piper Rudnick ("Piper") and a participant in Piper's long term disability plan. After being denied long term disability benefits and exhausting his administrative remedies, Garvey filed an action seeking a determination that he was entitled to benefits under the plan and that his retirement plan benefits were not "deductible income" under the terms of the plan. In his complaint, Garvey asserted a claim for benefits under ERISA § 502(a)(1)(B) and a claim for equitable relief under ERISA § 502(a)(3). *Id*. at *1. The defendants filed a motion to dismiss Garvey's section 502(a)(3) claim on the ground that ERISA § 502(a)(1) provided adequate relief. After discussion of *Varity*, *Forsyth* and *Ford v. MCI*, the court granted the defendants' motion and dismissed Garvey's claim under 502(a)(3). According to the court:

Memorandum of Points and Authorities in Support of Motion to Dismiss Second Cause of Action of Plaintiff's Complaint, to Dismiss Doe Defendants and to Strike Jury Demand; Case CV08-3228 VRW
#929201

8

> Plaintiff has stated a claim for recovery of benefits under Section 1132(a)(1)(B). In this claim, Plaintiff asks the court to order defendants to pay benefits "in an amount equal to the contractual amount of benefits to which [Plaintiff] is entitled under the Plan." Under *Varity*, and its progeny as discussed above, Plaintiff is not entitled to pursue a claim for equitable relief under Section 1132(a)(3) as well. Plaintiff's argument that he is seeking "additional equitable relief" in his second claim and that his Section 1132(a)(1)(b) claim does not provide an adequate remedy is not well taken.

*Id*. at *6.

The court rejected each of Garvey's attempts to distinguish the relief he sought under ERISA § 502(a)(3) from the relief sought under ERISA § 502(a)(1)(B). The court held that Garvey's request for a determination that his retirement benefits would not be considered "deductible income" for purposes of the plan and would not affect the amount of benefits he would receive, was "virtually identical" to the remedy he sought under ERISA § 502(a)(1)(B) – i.e. an award of all benefits to which he was entitled under the Plan. *Id*. at *7. Garvey also argued that he was entitled to a final appeal to Piper and that the plan's third-party administrator ("TPA") failed to advise him of that right, and he asked the court to direct the TPA to provide proper notification of Plaintiff's appeal rights. *Id*. The court held, however, that the relief Garvey sought was, essentially, the enforcement of the terms of the plan, "a remedy to which he is entitled under Section 1132(a)(1)(B)." *Id*. The court reached the same conclusion with respect to Garvey's final request for an order prohibiting the TPA from offsetting benefits specifically excluded from deductible income by the terms of the plan. *Id*. "The fact that Plaintiff has identified these claims as breaches of fiduciary duty does not mean that he is not entitled to assert these claims under Section 1132(a)(1)(B)." *Id*. "Because all of Plaintiff's claims relate to his entitlement to benefits and the enforcement or clarification of the terms of the Plan, which he may pursue under Section 1132(a)(1)(B), Plaintiff is not entitled to also assert a claim under Section 1132(a)(3) as well. Plaintiff's Section 1132(a)(3) should be dismissed." *Id*. at *8.

Like Garvey's claim under section 502(a)(3), Lewis's claim for "equitable relief" is foreclosed by his claim under ERISA § 502(a)(1)(B). All of his claims relate to his entitlement to benefits and the enforcement or clarification of terms of the Plan. Therefore, Plaintiff's Second Cause of Action must be dismissed.

Memorandum of Points and Authorities in Support of Motion to Dismiss Second Cause of Action of Plaintiff's Complaint, to Dismiss Doe Defendants and to Strike Jury Demand; Case CV08-3228 VRW
#929201

9

Finally, the fact that Plaintiff invokes the theoretical interests of "similar participants" does not provide a lifeline for the equitable relief he seeks. Assuming any other similarly situated claims exist (which is neither alleged nor apparent from the face of Plaintiff's Complaint), those individuals would also have an adequate remedy in a claim for benefits under ERISA § 502(a)(1)(B). *Pengilly,* 81 F. Supp.2d at 1026 (rejecting plaintiff's section 502(a)(3) claim and holding that "the others 'similarly situated' also would have access to (a)(1)(B) and thus would not require (a)(3)'s safety net."). Plaintiff cannot use the allegation that he is seeking equitable relief not only for himself but also on behalf of "similarly situated" participants to manufacture a cognizable § 502(a)(3) claim.[4]

### B. Plaintiff's Claim for Equitable Relief Must Be Dismissed Because It Seeks Relief That is Not Available as a Matter of Law

In addition to being foreclosed by Plaintiff's claim under 502(a)(1)(B), much of the "equitable relief" Plaintiff seeks under his Second Cause of Action is unavailable as a matter of law, as set forth below. To the extent the relief Plaintiff seeks is unavailable, his claim under 502(a)(3) must be dismissed.

#### i. Plaintiff's Requests For Injunctive Relief Are Unsupported by The Facts Alleged

Nowhere in Plaintiff's Complaint does he allege that he is permanently disabled and will never again be able to work in any occupation. However, one of the forms of "equitable relief" he seeks under ERISA § 502(a)(3) is an order enjoining Defendants "from terminating benefits for the duration of the applicable maximum benefit period under the Plan." (Complaint ¶ 29). Plaintiff seeks nearly identical relief pursuant to his claim for benefits. (Complaint ¶¶ 19, 20). The facts as alleged do not support the relief Plaintiff seeks. Plaintiff's request amounts to a request for prospective damages. Plaintiff's claim must be dismissed to the extent that it seeks such relief.

---

[4] Lewis also may not use <u>his</u> ERISA § 502(a)(1)(B) claim to obtain a declaration of rights for <u>other</u> participants; the relief afforded under § 502(a)(1)(B) is limited to clarifying Lewis' entitlement to future benefits, and not the entitlements of any other Plan participants or beneficiaries. *See* ERISA § 502(a)(1)(B) (permitting civil action by a participant or beneficiary "to enforce <u>his</u> rights under the terms of the plan, or to clarify <u>his</u> rights to future benefits under the terms of the plan) (emphasis added).

*See, e.g., Wooten v. Prudential Ins. Co. of America*, Civ. Action No. 03-02558, 2006 WL 2192061 (N.D. Cal. July 31, 2006) (denying plaintiff's request for injunctive relief "directing Prudential to hereinafter pay [Plaintiff] the monthly Adjusted Benefit due… until he reaches age 66" on the ground that the Plan allowed Prudential to request proof of continuing disability).

Similarly, Lewis's Complaint lacks any factual allegations to support his request for an order permanently enjoining Defendants from "obtaining input from biased medical consultants with a conflict of interest with Defendants who are not appropriately trained and experienced in the conditions that are the subject of the claim." (Complaint ¶ 27B). Requests for injunctive relief must be specifically tailored to a specific harm alleged. *See Housing Rights Center v. Donald Sterling Corp.*, 274 f. Supp.2d 1129, 1136 (C.D. Cal. 2003), *citing Lamb-Weston, Inc. v. McCain Foods, Ltd.,* 941 f.2d 970, 974 (9th Cir. 1991) (failure to tailor the injunctive relief sought to the specific harm alleged is grounds for dismissal of the claim). However, Plaintiff's Complaint contains no allegations that Defendants obtained input from "biased medical consultants" with a "conflict of interest" and who were not "appropriately trained and experienced." Nowhere does Lewis assert that the Defendants breached their fiduciary duties by utilizing a biased or conflicted "medical consultant" to review claims. Indeed, no facts are alleged regarding the use of a third party claims reviewer at all. The sole reference to the use of "biased medical consultants" is found in Paragraph 27, subpart B, which describes the type of injunctive relief Plaintiff seeks. As the Supreme Court has explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See Bell Atlantic v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (*quoting Papasan v. Allain*, 478 U.S. 265 (1986)). The Federal rules "contemplate the statement of circumstances, occurrences, and events in support of the claim presented" and do not authorize a pleader's "bare averment that he wants relief and is entitled to it." *Id*. at 1965, n.4. The scant factual allegations in Plaintiff's Complaint are not sufficient to

Trucker ♦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

support his request for an order prohibiting the use of a conflicted and biased claims reviewer, much less the removal of the Defendants as fiduciaries.

### ii. The Injunctive Relief that Plaintiff Seeks Would Not Satisfy Minimum Requirements of FRCP 65(d)

Federal Rule of Civil Procedure 65(d) provides that injunctions "shall be specific in terms [and] shall describe in reasonable detail… the act or acts sought to be restrained." *Union Pac. R.R. v. Mower*, 219 F.3d 1069, 1077 (9th Cir. 2000). "The Supreme Court has explained that 'one basic principle built into rule 65 is that those against whom an injunction is issued should receive fair and precisely drawn notice of what the injunction actually prohibits.'" *Id.* (*quoting Granny Goose Foods, Inc. v. Bhd. Of Teamsters*, 415 U.S. 423, 444, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974)). In Paragraph 27B of his Complaint, Plaintiff seeks an order permanently enjoining Defendants "[f]rom obtaining input from biased medical consultants with a conflict of interest with Defendants who are not appropriately trained and experienced in the conditions that are the subject of the claim." This request for injunctive relief must be dismissed because it is so vague and ill defined that it would not satisfy the requirements of Rule 65(d). What constitutes a "biased medical consultant" or a "conflict of interest"? Moreover, who decides, and according to what standards, whether a medical consultant is "appropriately trained and experienced" in the "relevant medical subject?" "[T]he specificity provisions of Rule 65(d) are not mere technical requirements. The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders…" *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974). A request for an injunction that is too vague to comply with the requirements of Rule 65(d) is subject to dismissal. *E.g., Mote v. F.B.I.*, Civ. Action No. 07-1191, 2007 WL 4592080 at *3 (C.D. Ill. Dec. 28, 2007) (dismissing plaintiff's request for an injunction that the FBI stop 'saying [he] is an informant' as "too vague and broad to be enforceable" under Rule 65(d)).

In Paragraph 27A of his Complaint, Plaintiff seeks an order permanently enjoining Defendants "[f]rom denying benefits based upon an interpretation of "total disability" different from that required under applicable law and the Plan, including the requirement that a claimant be unable to work with reasonable continuity in the usual and customary way." (Complaint ¶ 27A).

Memorandum of Points and Authorities in Support of Motion to Dismiss Second Cause of Action of   12
Plaintiff's Complaint, to Dismiss Doe Defendants and to Strike Jury Demand; Case CV08-3228 VRW
#929201

This request for injunctive relief is also too vague and incomprehensible to meet the requirements of Rule 65(d). Moreover, an injunction that would do nothing more than instruct a party to "obey the law" does not satisfy the specificity requirements of Rule 65(d). *Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999) ("As this injunction would do no more than instruct the City to 'obey the law,' we believe that it would not satisfy the specificity requirements of Rule 65(d) and that it would be incapable of enforcement."). Plaintiff's proposed injunction, which demands that Plaintiff's comply with "applicable law" is not appropriate equitable relief, and his Second Cause of Action must be dismissed for this reason as well.

### iii. Plaintiff's Request for Injunctive Relief Removing Defendants as Fiduciaries is Nonsensical

In Paragraph 28 of the Complaint, Plaintiff seeks an order "permanently enjoining Defendants from ever again serving as a fiduciary with respect to the Plan, together with attorneys fees and costs." This is nonsensical as to the Plan. The Plan, which is the only defendant named in Plaintiff's complaint, is not a fiduciary to the Plan, since it is the Plan itself. Therefore, an injunction "enjoining the Plan from ever serving as fiduciary to the Plan" makes no sense.

### iv. Plaintiff's Claims for "Equitable Relief" Based on Violation of California Law Must be Dismissed Because Those Claims are Preempted by ERISA

Plaintiff claims that Defendants violated their fiduciary duties by failing to apply the correct definition of "disability" under California law and seeks an order enjoining Defendants from "denying benefits based upon an interpretation of 'total disability different from that required under applicable law..." (Complaint ¶¶ 26A, 26E, 27A). To the extent Plaintiff's claim for breach of fiduciary duty is premised on a California law which allegedly dictates a required definition of the term "disability" contained in a disability plan, his claim must be dismissed. Any such California law is preempted by ERISA because it "relates to" an ERISA plan. *See, e.g., Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85 (1983). Section 514(a) of ERISA promotes uniform federal regulation of employee benefit plans by preempting "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." ERISA § 514(a). "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan."

*Shaw*, 463 U.S. at 96-97. Section 514(a)'s language is "deliberately expansive." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987). The purpose of section 514(a) is to "minimize the administrative and financial burden of complying with conflicting directives among States or between States and the Federal Government. Otherwise, the inefficiencies created could work to the detriment of plan beneficiaries." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142 (1990).

Though the ERISA statute itself offers little guidance as to when a state law "relates to" an ERISA plan within the meaning of section 514(a), the Supreme Court has held that two types of state laws "relate to" employee benefit plans within section 514(a): laws that "mandate[e] employee benefit structures or their administration," and laws that "provid[e] alternative enforcement mechanisms." *New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 657-58 (1995). Plaintiff asserts that Defendants have breached their fiduciary duties by denying Plaintiff disability benefits despite knowledge that he was "totally disabled…under the definition of total disability as defined by California Law" and by "intentionally failing to apply the correct definition of disability under California law to all of the Plan participants to whom that definition applies" (Complaint ¶¶ 26A, 26E). Plaintiff fails to identify the California law he refers to. However, the nature of his claim demonstrates that such a law would be preempted by ERISA § 514(a) as it would "mandate[e] employee benefit structures or their administration." *Travelers*, at 657-58. A state law that purports to require that an ERISA plan contain a specific definition of "disability" falls squarely within the laws preempted by ERISA. *Gibson v. The Prudential Insurance Company of America*, 915 F.2d 414, 417 n.3 (9th Cir. 1990) (a cause of action that "directly deal[s] with the definition of disability under the Plan… could not 'relate to' the Plan more directly").

C. **Plaintiff's § 502(a)(3) Claims Must be Dismissed In Their Entirety Because the Plan is Not a Fiduciary**

The only defendant actually named in Plaintiff's Complaint is the Plan itself. The Plan is not a fiduciary of itself. A person is a fiduciary with respect to the Plan "to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he

renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). The Plan does not meet any of these requirements, nor does Plaintiff's Complaint state any facts which would support a finding that the Plan is itself a Plan fiduciary.

Since the Plan is not a fiduciary, Plaintiff's claim for breach of fiduciary duty must be dismissed. "To establish an action for equitable relief under ERISA section 502(a)(3), . . . the defendant must be an ERISA fiduciary acting in its fiduciary capacity . . . and must 'violate [ ] ERISA-imposed fiduciary obligations'[.]" *Matthews v. Chevron Corp.*, 362 F.3d 1172, 1178 (9th Cir. 2004) (citing *Varity Corp. v. Howe,* 516 U.S. 489, 506 (1996)). The Plan is neither an "ERISA fiduciary" nor is it "acting in its fiduciary capacity." Therefore, Plaintiff's claims for equitable relief against the Plan fail to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

### D. Plaintiff's Claims Against Does 1 through 20 Should Be Dismissed Because They Are Improper Defendants

Plaintiff's claims against the Doe defendants must be dismissed, as Ninth Circuit law does not generally permit pleading against such defendants. *See Providence v. Valley Clerks Trust Fund*, 509 F. Supp. 388, 392 (E.D. Cal. 1981) (holding that the use of Doe defendants in federal court pleadings was improper and that such defendants should be dismissed upon removal to federal court); *see also Craig v. United States*, 413 F.2d 854, 856 (9th Cir. 1969) (disapproving practice of naming Doe defendants).

### E. Plaintiff's Jury Demand Should be Stricken on the Grounds that ERISA Benefit Claims are Not Heard by a Jury

In his Complaint, Plaintiff demands a jury trial but he is not entitled to a jury for his claims, which are brought under ERISA. Plaintiff's action is explicitly brought as a claim for "recovery of employee benefits" under ERISA § 502(a)(1)(B) and a claim for "equitable relief" under ERISA § 502(a)(3). The Plan hereby moves to strike Plaintiff's jury demand on the ground that Plaintiff has no right to trial by jury for the claims asserted in this action. *Blau v. Del Monte*, 748 F.2d 1348,

1357 (9th Cir. 1984), cert. denied, 474 U.S. 865 (1985) (holding that there is no "independent constitutional or statutory right to jury trial in ERISA actions."); *Thomas v. Oregon Fruit Prods. Co.*, 228 F.3d 991, 996-97 (9th Cir. 2000) (reaffirming the principle that plan participants and beneficiaries are not entitled to jury trials for claims brought under, or preempted by, section 502 of ERISA); *see also Spinelli v. Gaughan*, 12 F.3d 853, 858 (9th Cir. 1993) (holding that there is no right to a jury trial under ERISA section 502(a)(3) where the relief sought is "equitable relief").

## V. CONCLUSION

Plaintiff's fundamental complaint, and the allegations upon which both of his claims rest, is that he was wrongly denied benefits under the Plan. The relief Plaintiff seeks is precisely that provided by ERISA § 502(a)(1)(B) and his § 502(a)(3) claim must be dismissed for failure to state a claim upon which relief may be granted. Plaintiff's claim under § 502(a)(3) must also be dismissed because the relief he seeks is unavailable as a matter of law. Finally, because it is improper to name "Doe" defendants in Federal Court, those defendants must be dismissed.

Because Plaintiff is not entitled to a jury trial the Plan respectfully requests that Plaintiff's demand for a jury trial be stricken.

DATED: July 11, 2008                    TRUCKER ✦ HUSS

                                        By: /s/Virginia H. Perkins
                                            Virginia H. Perkins
                                            Attorneys for Defendant The CCPOA Benefit
                                            Trust Fund