**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEN LEWIS, | No  C 08-3228 VRW |
|     Plaintiff, | ORDER |
|     v | |
| THE CCPOA BENEFIT TRUST FUND HEALTH AND WELFARE PLAN; THE CCPOA BENEFIT TRUST FUND; THE TRUST'S ADMINISTRATOR OF THE CCPOA BENEFIT TRUST FUND; THE BOARD OF TRUSTEES OF THE CCPOA BENEFIT TRUST FUND, | |
|     Defendants. / | |

Plaintiff initiated this action in state court on July 3, 2008.  The complaint alleged two causes of action under ERISA, 29 USC § 1001 et seq.  Doc #1 at 10-15.  Defendants removed to this court.  Id.  Following removal, plaintiff filed two amended complaints.  Doc ##17, 22.  Both amended complaints alleged causes

of action under the same ERISA provisions that were alleged in the initial complaint in state court.  29 USC §§ 1132(a)(1)(B), 1132(a)(3).  The court then granted defendants' motion for summary adjudication of the standard of review, deciding that abuse of discretion was appropriate.  Doc #42.

After this ruling, plaintiff sought to file a fourth complaint, but this time dropped the ERISA claim altogether, asserting only two state law claims, and sought to remand to state court.  Doc #44, Exh A.  Plaintiff predicated this maneuver on the argument that defendant was a governmental plan exempt from ERISA under 29 USC §§ 1003(b)(1), 1002(32).

Although the parties have briefed and argued whether defendant is or is not a governmental plan exempt from ERISA, they have paid little heed to the consequences of that determination, save for whether remand is appropriate.  The court requests the parties to submit not later than April 27, memoranda not exceeding ten pages addressing the following questions:

> As the motion to amend is subject to the presumption that leave "should freely [be] give[n]," FRCP 15(a)(2), but the motion to remand is subject to no such presumption, does the FRCP 15(a)(2) presumption yield upon a determination that the plan at issue is not a governmental plan?  Or, alternatively, should the outcome of these two motions be considered independent of one another?
>
> If plaintiff is afforded leave to amend to drop his ERISA claims, but this or another court determines

**2**

the plan at issue is not a governmental plan, are plaintiff's ERISA claims revived?

Is there a basis for this court to retain plaintiff's state law claims if the motion to amend is granted?

The parties should compare <u>Crull v GEM Insurance Co</u>, 58 F3d 1386 (9th Cir 1995) with <u>Marx v Loral Corporation</u>, 87 F3d 1049 (9th Cir 1996).

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge