1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   KEN LEWIS,                              No. C-08-03228-VRW (DMR)

12            Plaintiff,                     **ORDER GRANTING IN PART AND
                                             DENYING IN PART PLAINTIFF'S
13      v.                                   MOTION TO STRIKE DEPOSITION
                                             CORRECTIONS AND COMPEL
14   THE CCPOA BENEFIT TRUST FUND, et al.,   PRODUCTION OF DOCUMENTS**

15            Defendants.                    **(Docket No. 120)**
     _____/
16

17

18           Before the Court in this action for breach of contract, bad faith, and recovery of employee

19   benefits is Plaintiff Ken Lewis's motion for an order (1) striking changes made to the deposition

20   testimony of Michael Smalley and (2) compelling Defendant CCPOA Benefit Trust Fund (the

21   "Fund") to produce board minutes and meeting agendas of the Fund's Board of Trustees meetings

22   (Docket No. 120).  After careful review of the parties' briefs and consideration of the arguments of

23   counsel at the August 26, 2010 hearing on the matter, the Court issues this Order GRANTING in

24   part and DENYING in part Plaintiff's motion, for the reasons set forth below.  This Order

25   memorializes the rulings the Court made at the hearing.

26   **I.      BACKGROUND**

27           The California Correctional Peace Officers Association ("CCPOA") is an employee

28   organization that represents prison guards and certain other employees at the state's prisons.  The
     CCPOA Benefit Trust Fund Disability Benefit Program (the "Plan") provides disability benefits to

**United States District Court**
For the Northern District of California

members of the CCPOA.

Plaintiff is a former correctional peace officer who, at one time, received disability benefits under the CCPOA Benefit Trust Fund Disability Benefit Program.  Plaintiff began receiving benefits under the Plan in 2002 after suffering spinal injuries in an automobile accident.  In July 2007, the Fund determined that Plaintiff was no longer disabled under the terms of the Plan and terminated Plaintiff's benefits.  Plaintiff disputes that he is no longer disabled under the terms of the Plan, and seeks recovery of disability benefits.

One issue in the case is whether the Plan is governed by ERISA or falls within the "governmental plan" exception to ERISA's coverage.  *See* 29 U.S.C. § 1003(b)(1).  In his July 30, 2009 Order, Chief Judge Walker articulated five factual areas that are relevant to the "governmental plan" issue in this case:

> (1) whether the assets of the various benefit programs within the Plan are accounted for separately; (2) whether the assets of one program within the Plan may be used to fund another program; (3) the amount of state funding of the Plan; (4) whether the state has attempted to audit the Plan; and (5) the extent of the state's involvement in plan administration.

Order (Docket No. 76) at 7 (citations omitted).

### A.      Deposition of Michael Smalley

On February 12, 2010, counsel for Plaintiff deposed Michael Smalley, the Assistant Administrator of the Fund, as the Fund's 30(b)(6) witness on the following matters:

> 1.      The relationship between the Fund and the State of California regarding the funding of the Fund, including but not limited to the funding of each and every program of the fund; and
>
> 2.      The relationship between the Fund and the State of California regarding the administration of the Fund, including but not limited to the administration of each and every program of the Fund;

Exh. F to Schwartz Decl. (Docket No. 127) at 2.  Both areas of 30(b)(6) testimony thus were relevant to the "governmental plan" analysis.

On February 24, 2010, counsel for Defendants informed Plaintiff that Mr. Smalley's testimony at the deposition "was inaccurate in certain respects" and that Mr. Smalley would submit written corrections to the deposition transcript.  Exh. G. to Schwartz Decl. (Docket No. 127).  On March 31, 2010, Defendants submitted Mr. Smalley's corrections to the deposition officer.  Exh. I.

**United States District Court**
For the Northern District of California

2

to Schwartz Decl. (Docket No. 127).

        **B.**        **Request for production of Board meeting minutes and agendas**

        On February 23, 2010, Plaintiff propounded "Request for Production of Documents to Defendant CCPOA Benefit Trust Fund Set Two." Exh. M to Kim Decl. (Docket 121-14). Request No. 28 seeks production of "All DOCUMENTS that discuss, refer or relate to any of the meetings of the Fund's Board of Trustees from 2005 to the present, including but not limited to any and all minutes of such meetings." *Id.* at 3. On March 25, 2010, Defendants served their responses to Plaintiff's Request for Production. Exh. N to Kim Decl. (Docket No. 121-15). Defendants objected that the request sought documents that would be overly burdensome to produce and would not be relevant to the question of whether the Disability Program is an ERISA plan.

**II.**        **DISCUSSION**

        **A.**        **Changes to deposition testimony**

        Federal Rule of Civil Procedure 30(e), which governs review of deposition transcripts and changes thereto, permits corrections in "form or substance" of deposition testimony under certain circumstances, provided that procedural requirements are met. In the Ninth Circuit, Rule 30(e) deposition changes are subject to the "sham rule," which precludes a party from manufacturing an issue of fact by submitting errata or an affidavit that contradicts prior deposition testimony. *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1225 (9th Cir. 2005). Additionally, the Ninth Circuit has held that Rule 30(e) may only be used for "corrective, and not contradictory, changes." *Id.* at 1226.

        **1.**        **The sham rule**

        Under the sham rule, "a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). Although the sham rule originally was applied only to affidavits, the Ninth Circuit more recently also has applied the sham rule to Rule 30(e) deposition corrections, observing that "sham" corrections are akin to "sham" affidavits in purpose and effect. *Hambleton*, 397 F.3d at 1225-26 ("While the language of FRCP 30(e) permits corrections 'in form and substance,' this permission does not properly include changes offered solely to create a material factual dispute in a tactical

United States District Court
For the Northern District of California

3

United States District Court
For the Northern District of California

attempt to evade an unfavorable [ruling].").  To determine whether a submission of deposition errata is a sham, a court may consider circumstances such as the number of corrections, whether the corrections fundamentally change the prior testimony, the impact of the corrections on the case (including the extent to which they pertain to dispositive issues), the timing of the submission of corrections, and the witness's qualifications to testify.  *See Adams v. Allied Security Holdings*, 236 F.R.D. 651, 652 (C.D. Cal. 2006) ("[D]espite plaintiff's counsel's claim that the proposed changes are merely 'minor, nonmaterial and/or irrelevant [in] nature,' several of the proposed changes significantly alter plaintiff's responses to deposition questions."); *Kennedy*, 952 F.2d at 265 (remanding to the district court for a factual determination on the sham question where the contradiction pertained to a dispositive issue of the case); *Hambleton*, 397 F.3d at 1225 (noting the "seemingly tactical timing" and the "extensive nature" of the submitted corrections); *Foster Poultry Farms, Inc. v. SunTrust Bank*, 2007 WL 1113529, *3-4 (E.D. Cal. Apr. 13, 2007) (finding that contradictory testimony from a 30(b)(6) witness was subject to sanction of the sham rule).

Here, Defendants submitted 38 changes—a significant number made more striking by the fact that 24 of the changes were about-face reversals from "yes" to "no," or vice versa, or so altered the prior testimony as to amount to a fundamental change.  On closer inspection, however, the Court notes that one reason for the volume of changes is that most of them relate to the same basic topics and questions.  Thus, while Defendants submitted 38 changes to Mr. Smalley's deposition testimony, there are only seven unique testimony areas in which Mr. Smalley sought to make fundamental changes to his 30(b)(6) testimony.  Five of those areas of changed testimony are relevant to the first two factors outlined by Chief Judge Walker for the "governmental plan" analysis.  The changed testimony is neither case-dispositive nor dispositive of the "governmental plan" analysis.

It is troubling that the changes involve the testimony of the person who describes his job as overseeing the day-to-day administration of the Fund, has submitted numerous supporting declarations in this litigation, and was offered as the 30(b)(6) witness most knowledgeable about the relationship between the Fund and the State of California regarding funding of each program in the Fund.

United States District Court
For the Northern District of California

1    However, the timing of the submission of errata is not suspect, in contrast to cases applying

2    the sham rule where a summary judgment motion was on file and a party changed testimony in order

3    to create a material issue of fact to defeat summary judgment.  *See, e.g.*, *Hambleton*, 397 F.3d at

4    1223-24 (affirming strike of errata where deposition was taken in late 2001, defendants filed

5    summary judgment motion in January 2002, and plaintiffs submitted corrections to the deposition in

6    February 2002); *Combs v. Rockwell Int'l Corp.*, 927 F.2d 486, 488-89 (9th Cir. 1991) (granting

7    sanctions against a party and its counsel where counsel made substantive changes to the party's

8    deposition testimony in an effort to avoid summary judgment).  In this case, the "governmental

9    plan" issue was raised before Judge Walker in 2008, long before Mr. Smalley's deposition in

10   February 2010.  No dispositive motion was pending during the period of time surrounding the

11   deposition and corrections.

12   On balance,  the Court does not find that Defendants' submission of changes to Mr.

13   Smalley's deposition testimony amounts to a sham.

## 2.    Contradictory testimony

15   Even where changes to a deposition transcript are not used as a sham to create an issue of

16   fact, Rule 30(e) may only be used for corrective, and not contradictory, changes.  *Hambleton*, 397

17   F.3d at 1225-26.  In so holding, the Ninth Circuit agreed with the Tenth Circuit's reasoning that:

18   > Rule [30(e)] cannot be interpreted to allow one to alter what was said under oath.  If that
were the case, one could merely answer the questions with no thought at all then return home
19   > and plan artful responses.  Depositions differ from interrogatories in that regard.  *A
deposition is not a take home examination*.

21   *Id.* at 1225 (internal quotations and citations omitted) (emphasis added); *Teleshuttle Technologies*

22   *LLC v. Microsoft Corp.*, 2005 WL 3259992, *2 (N.D. Cal. Nov. 29, 2005).  That a deposition should

23   not be treated as a take home exam is particularly true here, where the deponent is not an

24   unsophisticated witness but rather a 30(b)(6) designee who has submitted extensive declarations in

25   the course of this litigation.  Defendants argue that the changes seek to correct honest mistakes in

26   Mr. Smalley's deposition testimony, and that the corrections are corroborated by objective

27   documents.  The documents, however, are not self-explanatory or obviously corroborative without

28   further supporting testimony.  At any rate, Mr. Smalley will have a full opportunity to explain his

**United States District Court**
For the Northern District of California

1    mistaken testimony at summary judgment or at trial.  The finder of fact will have the opportunity to

2    decide Mr. Smalley's credibility and reliability on the facts in question, and may ultimately decide

3    that he was honestly mistaken about certain facts when he gave his deposition testimony.  However,

4    under Ninth Circuit law, contradictory changes are not given the imprimatur and benefit of Rule

5    30(e) certification.

6           The Court hereby finds that the following changes are contradictory and should be stricken:

7    1, 3, 4, 5, 6, 7, 8, 9, 10, 14, 15, 17, 19, 20, 21, 22, 24, 25, 26, 27, 32, 33, 37, and 38.  Two changes

8    were not challenged by Plaintiff: 18, 36.  The remaining changes are appropriate corrections or

9    clarifications made within the bounds of Rule 30(e): 2, 11, 12, 13, 16, 23, 28, 29, 30, 31, 34, and 35.

10          **B.**      **Request for production of documents**

11          Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as including any

12   nonprivileged matter relevant to any party's claim or defense.  Request for Production No. 28 is

13   therefore overbroad to the extent it calls for information that is not relevant to a claim or defense in

14   this case.  The request is proper, however, to the extent it calls for information relevant to the

15   "governmental plan" analysis.  Plaintiff is not unreasonable in requesting documents dating back to

16   2005, three years before the case was filed.

17          Defendants are hereby ordered to produce all documents that are responsive to Request for

18   Production No. 28 and are relevant in any way to the "governmental plan" analysis.  During the

19   hearing, the Court instructed defense counsel that it must use a broad standard in determining

20   whether a particular document contains information "relevant" to the "governmental plan" analysis.

21   *See Heathman v. United States District Court for the District of California*, 503 F.2d 1032, 1035

22   (9th Cir. 1974) ("'Relevance' on discovery has a very broad meaning . . . .").  Defendants may

23   redact any information contained within the requested materials that does not pertain to the

24   "governmental plan" analysis.  Defendants need not produce any documents that fall within the

25   parameters of Request No. 28 but that do not contain information relevant to the "governmental

26   plan" analysis.  Defendants shall provide a log that sets forth the dates of each board meeting, and

27   indicates whether defendants are producing documents pertaining to each particular board meeting,

28   as well as whether any such documents have been redacted.

**United States District Court**
For the Northern District of California

**III.   CONCLUSION**

1.      The following numbered changes to the 30(b)(6) deposition of Michael Smalley are hereby stricken:  1, 3, 4, 5, 6, 7, 8, 9, 10, 14, 15, 17, 19, 20, 21, 22, 24, 25, 26, 27, 32, 33, 37, and 38;

2.      Within 30 days of the date of this Order, defendants shall produce documents responsive to Request for Production No. 28 accompanied by a production log, all in accordance with this Order.

IT IS SO ORDERED.

Dated: August 27, 2010



_____
DONNA M. RYU
United States Magistrate Judge

7